IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA MECHELLE FOX, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ALPHA TECHNOLOGIES, | § | 3-12CV-3860B |
| | § | |
| Defendant, | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff TINA MECHELLE FOX ("Plaintiff" or "FOX") complaining of Defendant ALPHA TECHNOLOGIES ("Defendant" or "Alpha") and for causes of action respectfully shows the Court as follows:

I.

**INTRODUCTION**

This is a suit filed under the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e ("Title VII") by Plaintiff Tina Mechelle Fox against her former employer Alpha Technologies, Inc. for subjecting her to discrimination, harassment and a hostile work environment based on her sex, female, retaliating against her after she reported violations of Title VII, and constructively discharging her.

The Equal Employment Opportunity Commission ("EEOC") made a Determination of reasonable cause to believe Respondent violated Title VII, and that Plaintiff was entitled to just compensation. This suit has been brought after Conciliation failed.

## II.

## THE PARTIES

2.01   Plaintiff TINA MECHELLE FOX is an individual who can be contacted in care of her undersigned counsel.  The last three numbers of the Plaintiff's social security number are: 486, and the last three numbers of the Plaintiff's driver's license number are: 125.

2.02   Defendant ALPHA TECHNOLOGIES, INC., is a Washington corporation with its principal place of business and US headquarters in Bellingham, Washington. Alpha may be served with service of process upon its registered agent in the state of Texas, CT Corp System, 350 N. Paul Street, Suite 2900, Dallas, Texas 75201.

## III.

## JURISDICTION AND VENUE

3.01   This court has jurisdiction of this case brought under Title VII pursuant to 42 U.S.C. §2000E-5.

3.02  Venue for all causes of action stated herein lies in the Northern District of Texas pursuant to 42 U.S.C. §2000E-5 because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of Dallas County.

IV.

**FACTUAL ALLEGATIONS**

4.01  Plaintiff TINA MECHELLE FOX ("FOX") was hired as a Quality Control Technician at Alpha from August 25, 2008 to May 8, 2009. Plaintiff reported to Don Prentiss, Plant Manager, at the Dallas office.

4.02  In September 2008, Wendell Wilkins, Sales Manager, made remarks regarding Plaintiff's appearance saying that she was beautiful and hot or gorgeous. In October 2008, Wilkins' comments became vulgar and he grabbed Plaintiff's bottom.

4.03  In November 2008, Wilkins had a heart attack and was not at work for a time. In December 2008, when he came back to work he started making more sexual remarks to Plaintiff. Plaintiff moved to the Receiving Department at this point and told Annette Riggs and David Layne to help block Wilkins from coming around. Plaintiff told both of them that Wilkins had grabbed Plaintiff's bottom and was making vulgar comments and was asking for a kiss for Christmas.

4.04  Before Plaintiff came to receiving, Plaintiff informed Edward Pickar, Jr (line technician) of Wilkins grabbing Plaintiff's bottom. Plaintiff asked him not to leave her alone when Wilkins was around. Plaintiff also told Curtis Ackley not to leave her alone when Wilkins came around. Plaintiff told Ackley that Plaintiff was so stressed

out over the fear of losing her job and the retaliation of Wendell Wilkins if she said anything that she missed about three weeks of work.

4.05   During this time, Plaintiff's hypoglycemia had become severe. Plaintiff was having difficulty controlling her blood sugar level due to the stress of being exposed to a hostile work environment. In order to avoid Wilkins when Plaintiff knew he was looking for her Plaintiff would hide under her desk or in a box in the warehouse area.

4.06   In February 2009, Wilkins still harassed Plaintiff. Wilkins would call Plaintiff at work and if she didn't answer he would call Don Prentiss cussing at him to have him come get Plaintiff and put Plaintiff on the phone. Wilkins consistently asked Plaintiff to go to dinner. Don Prentiss came to Plaintiff in the lab by the shipping department and handed Plaintiff his cell phone and said that it was Wilkins. Plaintiff told Don after the phone call that Plaintiff was angry and upset that Wilkins disrupted Plaintiff's working environment. The vulgar remarks kept coming in March.

4.07   In April 2009, Plaintiff's blood sugar level was 26, while dealing with Deletha Wallace (Front Office Manager) who was also harassing Plaintiff. It was rumored that Ms. Wallace and Mr. Wilkins had an affair and she had been rude and ugly to Plaintiff since the beginning of Plaintiff's employment. After Plaintiff reported Wilkins for sexual harassment to the Alpha Bellingham Office, Deletha Wallace would come back to the inventory room slamming parts down and Plaintiff overheard Wallace say "not sure Wendell, but Tina was definitely on the phone with someone at lunch

in her car." Wallace was following Plaintiff to the time clock when Plaintiff would punch out and would come back to the inventory room and stand in the hall glaring at Plaintiff. Plaintiff was terrified that Wilkins would be waiting for Plaintiff outside when she got off work or would come in. Wallace watched Plaintiff's every move. Plaintiff reported this to Kim Rice in Human Resources and was told to stay focused on her daily tasks. Plaintiff also told Don Prentiss what was going on. However, Deletha Wallace was permitted to continue harassing Plaintiff.

    4.08   Wilkins tried to kiss Plaintiff in the first part of April 2009. His mouth touched the right side of her lip during his attempt. Wilkins asked Plaintiff a question about a part and when Plaintiff turned her head to look up, his head came down quickly toward Plaintiff's. Plaintiff pushed him off and told Wilkins to stop. Plaintiff wiped off her mouth, left the parts room where they were and washed her face. Wilkins came up behind Plaintiff again that same day and quickly lifted up her shirt and stuck his fingers in her right back pocket to feel her right rear end cheek. Plaintiff told Wilkins she couldn't take it anymore and he needed to stop. Plaintiff reminded Wilkins that he was a married man. Plaintiff pulled away and ran out of the parts room. Plaintiff hid in the bathroom for a few minutes. When Plaintiff came out of the bathroom, Plaintiff remained in sight of the cameras in case he came looking for Plaintiff again.

    4.09   On Monday, April 13, 2009, Plaintiff's supervisor was on vacation. Wilkins came into the inventory room and tried to kiss Plaintiff again. Plaintiff was so

upset that she left for the rest of the day. The day that Plaintiff received her annual review (around the third week in April), her Supervisor Don Prentiss suggested that Plaintiff start picking up parts from customers. Plaintiff immediately got upset and assumed that Wilkins was trying to take Plaintiff out of the lab and become Plaintiff's supervisor so that he could harass Plaintiff even more. Wilkins showed Plaintiff a picture of a girl who was one of their customers, holding one of the units he picked up, on her naked breasts. He said "I don't know why you won't come around. Some of these girls, I can't beat off with a stick like this one." Plaintiff told him he was sick. Plaintiff could not take it emotionally, mentally, or physically anymore and turned him in.

4.10   Alpha had knowledge of Wendell Wilkins' sexually harassing conduct for quite some time. At least two other female employees complained before Plaintiff complained. When Plaintiff first complained she was asked not to put it in writing so that Wilkins would not be fired. But Plaintiff could live in fear no more, so she put it in writing. Finally, after months of sexually harassing numerous employees, Wilkins was fired. Alpha gave no reason for failing to deal with Deletha Wallace's retaliatory actions.

4.11   Plaintiff believes she has been discriminated against because of her sex, female, and in retaliation for complaining about the hostile environment and sexual harassment at the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended, in that she was harassed constantly, and constructively discharged.

4.12 Wilkins was known to have a violent temper and would cuss and throw things around when in the Dallas laboratory.

4.13 One of the witnesses (Larry Barnes) that talked to the Bellingham office when Plaintiff made the charge told them this. It is also one of the reasons that Plaintiff was so intimidated by him so as not to report right away and feared retaliation on his part after his termination.

4.14 Alpha hired Wilkins knowing his background with a company they acquired named Celabs. It was disclosed that Celabs had to deal with claims of sexual harassment against Wilkins by female co-workers. Two female employees at Alpha had reported Wilkins for sexual harassment: Sharon Rich and Annette Riggs. Yet, Wilkins was allowed to continue to sexually harass employees. If Plaintiff had not come forward, he would have subjected other women to the sickness that he apparently has.

4.15 In previous years, Wendell Wilkins was convicted of crimes of lewd molestation, lewd and indecent proposals to a child and forcible sodomy. Plaintiff believes Defendant was aware of these convictions but continued to employ Wilkins anyway because of the sales Wilkins was making.

4.16 Don Prentiss, Wendell Wilkins and Plaintiff were in a meeting regarding Michael Cater (a former employee who was sexually harassing Plaintiff). Wilkins had heard that Cater was screaming and cussing at Plaintiff in the laboratory because Plaintiff rejected him. So to make himself look good or like a savior to Plaintiff, Wilkins

said he would talk to Michael Cater himself and if he didn't stop, he would have Don Prentiss fire him. At the end of the meeting, as Plaintiff was exiting the room, Wilkins grabbed Plaintiff's bottom squeezing it in his hand.

4.17   Defendant constructively discharged Plaintiff because no reasonable person could have continued to work at Defendant under the conditions Plaintiff was subjected to, including harassment by Wilkins' girlfriend, the office manager Deletha Wallace, after Wilkins was finally fired.

4.18   During 2012 Wilkins has continued to stalk Plaintiff by driving past Plaintiff's home.

## V.

### FIRST COUNT

### SEX DISCRIMINATION, HARASSMENT, AND HOSTILE ENVIRONMENT IN VIOLATION OF TITLE VII

5.01   The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

5.02   Defendant Alpha employs at least fifteen (15) employees and is an employer within the meaning of Title VII.

5.03   Conditions precedent to filing this action for discrimination under Title VII have been met. Plaintiff timely filed her charges of discrimination on the basis of sex

and retaliation with the EEOC. A copy of Plaintiff's Right to Sue is attached as Exhibit A.

5.04 Defendant Alpha employs more than five hundred (500) employees.

5.05 Defendant Alpha has violated Title VII, by discharging Plaintiff and/or discriminating against Plaintiff and/or harassing Plaintiff, and/or subjecting Plaintiff to a hostile environment, and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's sex/gender. At Alpha, Plaintiff was subjected to a continuous course of harassment, and worked in a sexually hostile environment. Discrimination was a motivating factor in Defendant's mistreatment of Plaintiff.

5.06 Such discrimination by Defendant Alpha against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Alpha for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Alpha with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

### RETALIATION IN VIOLATION OF TITLE VII

6.01 The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set forth at length herein.

6.02    Alpha employs at least fifteen (15) employees and is an employer within the meaning of Title VII.

6.03    Conditions precedent to filing this action for retaliation under Title VII have been met. Plaintiff timely filed her charge of retaliation with the EEOC. A copy of Plaintiff's Notice of Right to Sue is attached as Exhibit A hereto.

6.04    Defendant has violated Title VII by retaliating against Plaintiff and by constructively discharging Plaintiff and/or discriminating against Plaintiff. Defendant retaliated against Plaintiff by constructively discharging Plaintiff for reporting Wilkins' and Deletha Wallace's sex harassment and discrimination. Retaliation was a motivating factor in the mistreatment of Plaintiff.

6.05    Such retaliation by the agents of Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this retaliation was done by the agents of Defendant with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VII.

## **JURY TRIAL DEMANDED**

7.01   PLAINTIFF DEMANDS A TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1)   Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity, and past and future medical and counseling expenses;

(2)   Judgment for back pay and front pay as allowed by law;

(3)   Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4)   Damages for past and future mental anguish, emotional distress, and physical distress;

(5)   Exemplary damages in an amount to be determined by the trier of fact;

(6)   Prejudgment and post-judgment interest at the maximum legal rate;

(7)   Attorneys' fees;

(8)   All costs of Court; and

(9)   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: /s/ W.D. Masterson
W.D. MASTERSON
SBN 13184000
Theodore C. Anderson
SBN 01215700
John H. Crouch, IV
SBN  00783906

3109 Carlisle
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0677 - Fax

ATTORNEYS FOR PLAINTIFF
TINA MECHELLE FOX

# EXHIBIT A

EEOC Form 161-A (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Tina M. Fox<br>528 E. Parnell<br>Denison, TX 75021 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2009-03713 | Karen C. Heard,<br>Investigator | (214) 253-2873 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Janet V. Elizondo,
District Director

SEP 10 2012
*(Date Mailed)*

Enclosures(s)

cc:   Kim Rice
HR Manager
ALPHA TECHNOLOGIES, INC.
3767 Alpha Way
Bellingham, WA 98226

W.D. Masterson
KILGORE & KILGORE LAWERS
3109 CARLISLE
Dallas, TX 75204

Enclosure with EEOC
Form 161-A (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make **your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: Jeffrey P. Fairchild, Esq.
ADELSTEIN SHARPE & SERKA LLP
400 North Commerical Street
Post Office Box 5158
Bellingham, WA 98227

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Tina Mechelle Fox

## DEFENDANTS
Alpha Technologies, Inc.

(b) County of Residence of First  Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
W. D. Masterson
Kilgore Law Center
3109 Carlisle
Dallas, Texas 75204 (214) 379-0813

Attorneys (If Known)

3-12CV-3860B

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- X 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | PERSONAL INJURY ☐ 362 Personal Injury— Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other 550 Civil Rights ☐ 555 Prison Condition | | |
| ☐ 220 Foreclosure | X 442 Employment | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- X 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 29 U.S.C. §626(b), 28 U.S.C. §1337, 29 U.S.C. §621, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  9/21/12

SIGNATURE OF ATTORNEY OF RECORD  W D Masterson

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUN ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____