IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA MECHELLE FOX, | § § § § | |
| Plaintiff, | | |
| vs. | § § § § § § § | CIVIL ACTION NO. 3-12-cv-3860-B |
| ALPHA TECHNOLOGIES, | | |
| Defendant. | | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ALPHA TECHNOLOGIES SERVICES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, ALPHA TECHNOLOGIES SERVICES, INC., incorrectly named and sued as Alpha Technologies, Inc., Defendant or ATS in the above-styled civil action, and hereby files this its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, showing this Honorable Court as follows:

### FIRST DEFENSE

The Complaint, in whole or part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that she failed to file her civil action within the applicable statute of limitations and/or to the extent that Plaintiff failed to exhaust her administrative remedies or otherwise satisfy all conditions precedent or

statutory prerequisites to bringing and maintaining her claims against Defendant. Plaintiff's Title VII claim is barred to the extent any action on which her claim is based occurred more than 300 days prior to the filing of her administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or was not the subject of or was otherwise outside the scope of her administrative charge.

### THIRD DEFENSE

Any action taken with regard to Plaintiff or her employment was for legitimate, non-discriminatory reasons and did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination played a motivating part in any employment decision at issue in this case, the same decision would have been made for legitimate, non-discriminatory reasons.

### FOURTH DEFENSE

To the extent any employee, manager, supervisor, director or officer of Defendant engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and were not in furtherance of Defendant's business.

### FIFTH DEFENSE

Defendant has at all times acted in good faith compliance with all federal and state laws. Defendant has not intentionally or willfully violated Plaintiff's rights in

any manner or acted maliciously or with reckless indifference with respect to Plaintiff or any aspect of her employment. At no time has Defendant acted with any intent to injure Plaintiff.

### SIXTH DEFENSE

Plaintiff's claim for punitive damages is violative of due process and other constitutional safeguards due Defendant under the Constitution of the United States or the Texas Constitution, including but not limited to, excessive fines, cruel and unusual punishment, and denial of equal protection under the law.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of consent, waiver, estoppel, justification, laches, unclean hands, and/or by after–acquired evidence.

### EIGHTH DEFENSE

Plaintiff is not entitled to recover any of the relief requested, but, if any relief were to be awarded, such relief is limited to the relief allowable by law.

### NINTH DEFENSE

Any damages suffered by Plaintiff were the direct and proximate result of her own actions or inactions, or the actions of persons for whom Defendant is not liable.

## TENTH DEFENSE

Plaintiff is required by law to take reasonable steps to mitigate her damages and to the extent she failed to do so, her claims for damages are barred.

## ELEVENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any unlawful discrimination, harassment, or retaliation; and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Plaintiff.

## TWELFTH DEFENSE

Defendant asserts and requests the benefits, protections and provisions of any and all Federal statutes, including those on which Plaintiff relies, and in particular, as such statutes relate to and limit any damages.

## THIRTEENTH DEFENSE

Defendant responds to the numbered allegations of Plaintiff's Complaint as follows:

### I.

### INTRODUCTION

Defendant admits that Plaintiff is attempting to bring a claim but denies that Plaintiff has a claim or that Defendant is liable for such claim and denies all other and remaining allegations in the Introduction.

## II.

## PARTIES

2.01   ATS is without sufficient knowledge of the allegations contained in Paragraph 2.01 and therefore denies the same.

2.02   ATS admits it is a Nevada corporation and that ATS's registered agent for service of process in Texas is Corporation Service Company, but denies any remaining allegations.

## III.

## JURISDICTION AND VENUE

3.01   ATS admits the allegations contained in Paragraph 3.01.

3.02   ATS admits the allegations contained in Paragraph 3.02.

## IV.

## FACTUAL BACKGROUND

4.01   ATS admits employing Fox as an Electronic Technician I on or about August 25, 2008 until May 8, 2009 and that Prentiss served as her supervisor. ATS denies the remaining allegations contained in Paragraph 4.01.

4.02   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.02 and therefore denies the same.

4.03   ATS admits that Wilkins reported suffering a heart attack in November 2008 and missed work. ATS is without sufficient knowledge as to the remaining allegations contained in Paragraph 4.03 and therefore denies the same.

4.04   ATS admits that Fox missed work from January 26, 2009 to February 19, 2009. ATS is without sufficient knowledge of the remaining allegations contained in Paragraph 4.04 and therefore denies the same.

4.05   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.05 and therefore denies the same.

4.06   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.06 and therefore denies the same.

4.07   ATS admits that Fox complained about Wilkins in April 2008 and subsequently complained about Wallace. ATS denies that Rice was dismissive of Fox's complaints. ATS is without sufficient knowledge regarding the remaining allegations contained in Paragraph 4.07 and therefore denies the same.

4.08   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.08 and therefore denies the same.

4.09   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.09 and therefore denies the same.

4.10   ATS admits that ATS terminated Wilkins' employment. ATS denies the remaining allegations contained in Paragraph 4.10.

4.11   ATS denies the allegations contained in Paragraph 4.11.

4.12   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.12 and therefore denies the same.

4.13   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.13 and therefore denies the same.

4.14   ATS admits that Rich had accused Wilkins of sexual harassment. ATS denies the remaining allegations contained in Paragraph 4.14.

4.15   ATS denies awareness of the Wilkins alleged past convictions. ATS is without sufficient knowledge regarding the remaining obligations in Paragraph 4.15 and therefore denies the same.

4.16   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.16 and therefore denies the same.

4.17   ATS denies the allegations contained in Paragraph 4.17.

4.18   ATS is without sufficient knowledge of the allegations contained in Paragraph 4.18 and therefore denies the same.

## V.

### **FIRST COUNT**

5.01   ATS reasserts its responses to the foregoing paragraphs.

5.02   ATS admits the allegations contained in Paragraph 5.02.

- 8 -

5.03 ATS is without sufficient knowledge of the allegations contained in Paragraph 5.03 and therefore denies the same.

5.04 ATS denies the allegations contained in Paragraph 5.04.

5.05 ATS denies the allegations contained in Paragraph 5.05.

5.06 ATS denies the allegations contained in Paragraph 5.06.

## VI.

## SECOND COUNT

6.01 ATS reasserts its responses to the foregoing paragraphs.

6.02 ATS admits the allegations contained in Paragraph 6.02.

6.03 ATS is without sufficient knowledge of the allegations contained in Paragraph 6.03 and therefore denies the same.

6.04 ATS denies the allegations contained in Paragraph 6.04.

6.05 ATS denies the allegations contained in Paragraph 6.05.

## VII.

## JURY TRIAL DEMANDED

7.01 Paragraph 7.01 is a statement, and thus requires no answer, but to the extent an answer is required, Defendant denies the allegations.

## VIII.

## PRAYER FOR RELIEF

Answering the allegations contained in the unnumbered Paragraph that follows Paragraph 7.01 of the Complaint and that begins, "WHEREFORE," including subparagraphs (1) through (9), Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Except as specifically admitted herein, Defendant denies any and all other claims or allegations which are raised or may have been raised by or in Plaintiff's Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice and award Defendant its costs and expenses (including attorneys' fees) reasonably incurred in defending this action, and further awarding Defendant any other relief the Court deems just and proper.

Respectfully submitted this 2nd day of November, 2012.

                              s/John L. Freeman
                              John L. Freeman
                              Texas Bar No. 07425500
                              Attorney for Defendant
                              Alpha Technologies Services, Inc.

KEY HARRINGTON BARNES, PC
3710 Rawlins Street, Suite 950
Dallas, Texas 75219
T: (214) 615-7923
F: (214) 615-7926
E: jfreeman@keyharrington.com

## CERTIFICATE OF SERVICE

     I hereby certify that on November 2, 2012, I electronically filed **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record: W.D. Masterson, Kilgore & Kilgore, PLLC, 3109 Carlisle, Dallas, TX 75204.

                              s/John L. Freeman
                              John L. Freeman
                              Texas Bar No. 07425500
                              Attorney for Defendant
                              Alpha Technologies Services, Inc.